IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § § | CIVIL ACTION NO. |
| Plaintiff, § § | C O M P L A I N T |
| § § | JURY TRIAL DEMAND |
| v. § § § | |
| SKYWEST AIRLINES, INC., § | |
| Defendant. § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Sarah Budd. As alleged with greater particularity in paragraph(s) below, SkyWest Airlines ("Defendant") discriminated against Budd on the basis of her sex by subjecting her to a hostile work environment. Defendant subjected Charging Party to retaliation for making complaints about the discrimination, ultimately leading to her constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant SkyWest Airlines, Inc., a Utah Corporation, has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Sarah Budd filed a charge with the Commission alleging violations of Title VII by Defendant SkyWest Airlines, Inc.

7. On March 30, 2022, the Commission issued to Defendant. a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      On May 19, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15.     Since on or about August 22, 2019, Defendant SkyWest Airlines, Inc. has engaged in unlawful employment practices at 2610 N. International Pkwy, Term E. Dallas, Texas, in violation of § 703(a) and § 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3.

16.     Defendant is a regional airline based in Utah with locations spanning the South Western United States.

17.     Sarah Budd worked for Defendant in a variety of roles starting in January 2007. After approximately 12 years of employment, Budd moved to Dallas-Fort Worth. She began working as a Parts Clerk on August 22, 2019.

18.     Defendant engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include subjecting Budd to harassment on the basis of her sex that unreasonably interfered with her work environment.

19.     The sexual harassment was perpetrated by the employees with whom Budd worked in the Parts and Maintenance Divisions including the Maintenance Department Supervisor.

20. The sexual harassment included crude sexual comments, jokes, gestures, and mimed assaults directed at Budd. Among these were explicit comments about Budd's body, speculation about what sexual positions she may enjoy, and suggestions or requests to perform demeaning sex acts with Budd. The Maintenance Supervisor himself suggested to Budd's co-workers in front of Budd that she engage in prostitution while on a trip to pick up parts.

21. Other remarks made in Budd's presence contributed to creating a hostile work environment. Co-workers also made a number of comments making light of rape, suggesting engaging in rape, or arguing that rape victims were lying for attention. These were explicit comments remarking on specific, violent forced sex acts made frequently in Budd's presence.

22. On September 4, 2019, Budd verbally reported sexually harassing behaviors and comments to the Parts Clerk Manager, her direct supervisor. Budd said her supervisor that she felt singled out as a new employee and a young woman in a building full of men. The Parts Clerk Manager told her that any action by him in response to Budd's complaint would likely put an even larger target on her back.

23. Budd took an unpaid medical leave of absence from October 24, 2019 until December 3, 2019 due to the harm to her mental health done by the pervasive atmosphere of sexual harassment.

24. The day Budd returned to work, she witnessed upsetting gestures and sexual jokes about a candy jar dressed as a woman. Budd alleges members of her department humped the candy jar and made obscene comments about rape. Budd stated that the word "rape" was said 30 plus times that day. This obscene work behavior caused Budd to hysterically cry in the bathroom.

25. On December 11, 2019, Budd sent the Maintenance Supervisor a written request to move to a part-time schedule citing the "salacious environment" as a reason for the request.

26. On December 14, 2019, Budd e-mailed a complaint to the Maintenance Supervisor recounting harassing behavior by her co-workers. The Maintenance Supervisor e-mailed a response stating Budd would need to either work her schedule or apply for leave. Otherwise she could not continue to be an employee.

27. On December 16, 2019, Budd filed a report through the Human Resources web portal.

28. The Employee Relations Manager contacted Budd on approximately December 17, 2019. During this conversation, Budd identified a number of her co-workers by name as individuals who engaged in harassing behavior. The Employee Relations Manager placed Budd on paid administrative leave.

29. The Employee Relations Manager then interviewed a handful of Defendant's employees, some of whom corroborated Budd's claims by confirming sexually inappropriate jokes in the workplace.

30. Defendant's investigation ended on or about February 5, 2020. The Employee Relations Manager recommended mandatory sexual harassment training for all employees.

31. On May 21, 2020, five months after being placed on administrative leave, Budd remained on leave and had not been updated on the status of the investigation or of a return-to-work plan. Budd e-mailed the Employee Relations Manager for an update. The Employee Relations Manager responded by stating the investigation had concluded, but Budd could not return to work until completion of sexual harassment training by all employees. The Employee Relations Manager did not tell Budd what corrective action had been taken, if any.

32. Budd felt compelled to resign her employment May 30, 2020 because Defendant failed to return her to work and ceased to communicate with her about any reasonably specific date that she could expect to safely return. This course taken by Defendant left Budd out of the workplace indefinitely with no opportunities to further her professional growth, career advancement or other inherent benefits of continuing her active employment. Defendant's conduct in subjecting Budd to extended and indefinite absence from the workplace denied her equal opportunities in employment.

33. The effect of the practices complained of in paragraphs 15-32 above has been to deprive Budd of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

34. The unlawful employment practices complained of in paragraphs 15-32 above were intentional.

35. The unlawful employment practices complained of in paragraphs 15-32 above were done with malice or with reckless indifference to Budd's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant SkyWest Airlines, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a hostile environment based upon sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating

against any employee for opposing any employment practice which discriminates on the basis of sex.

C.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant to make Sarah Budd whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.	Order Defendant to make Budd whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15-32 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay Budd punitive damages for its malicious and/or reckless conduct, as described in paragraphs 15-32 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

CHRISTOPHER LAGE
Acting General Counsel

ROBERT CANINO
Oklahoma Bar No. 011782
Regional Attorney

SUZANNE M. ANDERSON
Texas Bar No. 14009470
Supervisory Attorney

/s/ Alexa Lang
ALEXA LANG
Texas Bar No. 24105356
Trial Attorney

Brooke López
Texas Bar No. 24125141
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office 207 Houston,
3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3605
(FAX) (214) 253-2749