IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. 3:22-cv-01807 |
| | § § | |
| SKYWEST AIRLINES, INC. | § § § | |
| Defendant. | | |

**COMPLAINT OF PLAINTIFF-INTERVENER SARAH BUDD**

NOW COMES Sarah Budd, Plaintiff-Intervenor, by her undersigned counsel, and files this, her Complaint. Plaintiff-Intervener hereby intervenes in the claim of violations of Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex. Plaintiff-Intervener respectfully shows the following:

**I.    Parties**

1. Plaintiff-Intervener Sarah Budd is an individual who resides in Dallas County, Texas.

2. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is

expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

3. Intervenor Plaintiff makes this Motion to Intervene pursuant to Fed.R.Civ.P. 24(a), which provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute."

4. At all relevant times, Defendant SkyWest Airlines, Inc., a Utah Corporation, has continuously been doing business in the State of Texas and the City of Dallas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b)(g) and (h) of Title VII, 42 U.S.C. §2000e(b)(g) and (h).

## II.   Administrative Procedures

6. On March 30, 2022, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Defendant to join with the Commission in informal methods of conciliation to eliminate unlawful employment practices and provide appropriate relief.

7. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8. On May 19, 2022, the Commission issued Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the filing of this Complaint have been fulfilled, and the EEOC filed suit on August 17, 2022, and SkyWest filed its Answer on October 14, 2022.

10. Intervenor Plaintiff is granted an unconditional right to intervene in this action by Title VII of the Civil Rights Act of 1964 ("Title VII").

11. Intervenor Plaintiff is a former employee of Skywest Airlines, Inc.

### III.   Statement of Claims

12. Intervener Plaintiff worked for Defendant in various roles starting in January 2007. After approximately 12 years of employment, she moved to Dallas-Fort Worth from Utah and started working as a Parts Clerk.

13. Intervener Plaintiff was subjected to discrimination based on her sex and a hostile work environment, and the harassment unreasonably interfered with her work.

14. The sexual harassment included extremely crude sexual comments, jokes, and mimed assaults directed at her – sexually explicit comments about her body and unwelcome sexual propositions. Not only was this behavior tolerated by the Maintenance Supervisor, but he also participated.

15. The threatening atmosphere included comments demeaning victims of sexual violence—for example, that rape victims were lying for attention.

16. Budd reached out to her direct supervisor in early September and complained that she was being targeted. His only response was that she would put a "larger target" on her back if she complained.

17. The way she was treated led to her needing to take an unpaid leave of absence from late October until December 3, 2019.

18. The day she returned, a decorated plush candy jar was placed on top of a copier in a prominent position in her department. The jar was essentially a stuffed animal that, in place of a body, held a candy jar filled with peppermints for Christmas. The stuffed animal held a sign, and someone placed a typed note saying "Rape me Carlos" on the jar. Throughout the day, department members would mime assaulting the jar, and make rape-related jokes. This continued behavior was extremely distressing to Budd.

19. Because SkyWest failed to address the hostile work environment, Budd requested moving to a part-time schedule precisely because of the "salacious

environment." Budd was told she would either need to work her schedule or apply for leave because otherwise, she could not remain an employee.

20. On December 16, 2019, Budd filed a report through SkyWest's Human Resources Portal. She spoke with an Employee Relations Manager and provided a list of names of individuals who had harassed her. SkyWest then placed Budd on paid administrative leave.

21. Budd remained on leave for months, and when she asked, she was never given a reasonably specific date that she could expect to return to work safely.

22. By leaving her out of the workplace indefinitely with no opportunities to further her professional growth, career advancement, or other inherent benefits of continuing her active employment, SkyWest denied Budd equal opportunities in employment.

23. Because of the above, Budd has been deprived of equal employment opportunities and otherwise adversely impacted as an employee because of her sex.

24. The unlawful employment practices described herein were intentional.

25. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Budd's federally protected rights.

26. As described above, after she complained, Intervenor Plaintiff was subjected to retaliation for engaging in protected activity and was constructively discharged.

### IV.   Jury Demand

27.   Plaintiff-Intervener requests a jury trial.

### V.   Damages

28.   Plaintiff-Intervener seeks her economic damages, including wage and benefit losses, lost economic opportunity, and damage to her professional reputation and career. Plaintiff-Intervener seeks both backpay and front pay.

29.   Plaintiff-Intervener seeks her compensatory damages, including mental anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff-Intervener contends that a jury should assess the amount of these damages after a consideration of all admissible evidence.

30.   Plaintiff-Intervener seeks punitive damages because Defendant's acts were committed with malice or reckless indifference to her federally protected rights.

31.   Plaintiff-Intervener seeks an award of attorneys' fees and costs.

32.   Plaintiff-Intervener seeks injunctive relief, including a permanent injunction prohibiting future discrimination. Plaintiff-Intervener seeks an order to provide equal employment opportunities for her and eradicate the effects of Defendant's past and present unlawful employment practices.

WHEREFORE, PREMISES CONSIDERED, Plaintiff-Intervener respectfully prays that Defendants be held liable and damages be awarded to her as

outlined in this Complaint and that Plaintiff-Intervener be awarded such other and further relief to which she is justly entitled.

Respectfully submitted,
  /s/  Edith K. Thomas
Edith K. Thomas, Esq.
TX Bar No. 24060717
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
P: (301) 587-9373
F: (240) 428-9142
ethomas@zagfirm.com

*Counsel for Plaintiff*

## **Certificate of Service**

On October 28, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

_____/s/_ Edith K. Thomas_____
Edith K. Thomas