THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| *Plaintiff,* | § | Civil Action No. 3:22-cv-01807-C |
| v. | § § | |
| SKYWEST AIRLINES, INC., | § § § | |
| *Defendant.* | § | |

**DEFENDANT SKYWEST AIRLINES, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO INTERVENOR PLAITNIFF'S COMPLAINT**

COMES NOW, Defendant SkyWest Airlines, Inc. and files this Original Answer and Affirmative Defenses to Sarah Budd's Complaint ("Intervenor Plaintiff" or "Sarah Budd"). In support of same, Defendant would respectfully show the Court the following:

**PARTIES**

1. In response to Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

2. In response to Paragraph 2, Defendant admits that Intervenor Plaintiff brought this action under Title VII of the Civil Rights Act and this Court has jurisdiction over claims brought under 42 U.S.C. 2000e-5(f)(1) and Section 706(f)(1)-(3) of Title VII of the Civil Rights Act.

3. In response to Paragraph 3, Defendant admits Fed. R. Civ. P. allows Intervenor Plaintiff to file it Complaint.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

## ADMINISTRATIVE PROCEDURES

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits Intervenor Plaintiff issued a Letter of Determination on or about March 30, 2022, and the parties engaged in informal methods of conciliation with no success. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant admits the allegations in Paragraph 11.

## STATEMENT OF CLAIMS

12. In response to Paragraph 12, Defendant admits Sarah Budd worked for Defendant beginning in 2007 including a Parts Clerk position in Dallas-Fort Worth.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. In response to Paragraph 16, Defendant admits that Sarah Budd reached out to her supervisor regarding inappropriate comments by coworkers in September 2019. Defendant denies the remaining allegations in Paragraph 16.

17. In response to Paragraph 17, Defendant admits Sarah Budd took a leave of absence on or about October 27, 2019 to December 3, 2019. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. In response to Paragraph 20, Defendant admits that Sarah Budd filed a formal complaint with Defendant's Human Resources Department on or about December 16, 2019 and spoke with the Employee Relations Manager, Kellie Dehais, who conducted an investigation into the complaint. Defendant denies the remaining allegations in Paragraph 20.

21. In response to Paragraph 21, Sarah Budd was on a paid leave of absence while SkyWest investigated her complaint. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25. Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

## PRAYER FOR RELIEF

In response to Paragraphs 28 through 32, Defendant denies that Intervenor Plaintiff is entitled to any judgment or relief requested and denies all allegations contained therein.

## AS TO ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED

All allegations in the Complaint not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), Defendant sets forth the following matters constituting an avoidance or affirmative defense.

1. The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted as a matter of law and/or fact.

2. Intervenor Plaintiff's claims, in whole or in part, are barred by the applicable limitations periods.

3. Some or all of the claims asserted by the Complaint are barred by the equitable doctrines of latches, waiver, estoppel and/or unclean hands.

4. Defendant states on information and belief that Intervenor Plaintiff failed to mitigate her injuries, losses, or damages, if any, suffered as a result of the incident and facts set forth in Intervenor Plaintiff's Complaint.

5. If Intervenor Plaintiff was injured as alleged in the Complaint, Intervenor Plaintiff was injured by the acts or omissions of persons or organizations other than Defendant, whom were neither under the control of, nor in the employ of, Defendant.

6. Intervenor Plaintiff's claims against Defendant are frivolous and groundless, entitling Defendant to recover attorney's fee and costs incurred in this case.

7. Although Defendant denies any liability to Intervenor Plaintiff, in the event benefits are awarded to Intervenor Plaintiff, Intervenor Plaintiff's remedies are limited under Title VII of the Civil Rights Act.

8. Intervenor Plaintiff's claims are barred as a matter of law as the Complaint makes numerous blatantly false claims.

9. Intervenor Plaintiff's Complaint does not state the underlying claims made against Defendant with sufficient particularity to enable Defendant to determine all of it defenses (including defenses based upon the terms, conditions or exclusions of the alleged Plan at issue). Defendant therefore reserves its right to assert all applicable defenses to the Complaint once the precise nature of such claims are determined through discovery or otherwise.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Intervenor Plaintiff as follows:

a. That Intervenor Plaintiff takes nothing by virtue of its Complaint against Defendant;

b. That Intervenor Plaintiff's Complaint, and all claims asserted therein, be dismissed with prejudice to the re-filing of same;

c. For costs and disbursements incurred herein, including attorneys' fees; and

d. For such other relief as the Court may deem appropriate or as may be permitted by law or equity.

Respectfully submitted,

**GORDON REES
SCULLY MANSUKHANI, LLP**

*/s/ Liz E. Drumm*
**LIZ E. DRUMM**
State Bar No. 24086949
ldrumm@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANT
SKYWEST AIRLINES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF system per Local Rule CV-5 on December 19, 2022.

*/s/ Liz E. Drumm*
**LIZ E. DRUMM**