IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT                  §
OPPORTUNITY COMMISSION,           §
                                  §
              Plaintiff,           §
                                  §   Civil Action No. 3:22-CV-1807-D
VS.                               §
                                  §
SKYWEST AIRLINES, INC.,           §
                                  §
              Defendant.           §

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Equal Employment Opportunity Commission ("EEOC") and intervenor-plaintiff Sarah Budd ("Budd") against defendant SkyWest Airlines, Inc. ("SkyWest"), the EEOC moves under Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1) for a protective order quashing subpoenas served on several non-party witnesses, or, in the alternative, limiting the scope of the depositions and document productions.[1] For the reasons that follow, the court grants the motion in part and denies it in part.

I

SkyWest served subpoenas *duces tecum* on five individuals—Stephanie Matthews ("Matthews"), Whitney Madsen, Ashley Budd, Krista Spurrier, and Emilee Schwalger—to appear for depositions and produce for inspection "[d]ocuments related to any

---

[1] The EEOC also requests an exigent ruling. The court grants this request and decides the motion on expedited briefing because the four depositions at issue are scheduled for January 11 and 12, 2024.

communications with Sarah Budd from August 1, 2019 to December 31, 2019[.]"  P. Br. (ECF No. 54) at 3.  The EEOC moves under Rule 26(b)(2)(C) and Rule 26(c)(1) for a protective order quashing the subpoenas, or, in the alternative, limiting the scope of the depositions and document productions.[2]  On January 2, 2024 the court denied the motion as to Matthews (whose deposition had been scheduled in Florida for the morning of January 2) but ordered expedited briefing as to the part of the motion that addressed the other four individuals (the "witnesses").  The court now decides the balance of the motion on the briefs, without oral argument.

## II

The court turns first to the EEOC's request under Rule 26(b)(2)(C) for an order limiting discovery.

### A

Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure when

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information in discovery in the action; or (iii) the proposed

---

[2]In its reply brief, the EEOC asks the court to disregard its alternative argument, contending that, in light of events that transpired at Matthews' January 2, 2024 deposition, the EEOC no longer believes that narrowing the depositions and the scope of document production will be sufficient.  Although the EEOC has withdrawn this alternative request for relief, the court can still consider on its own whether narrowing the subpoenas is a sufficient remedy rather than quashing them.

discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).

## B

### 1

The EEOC contends first that the witnesses should not be compelled to produce any documents in response to the subpoenas *duces tecum* because (1) the requested documents are unreasonably cumulative and duplicative of discovery that Budd has already produced, and (2) the documents seek discovery outside the scope permitted by Rule 26(b)(1) because they are irrelevant and producing them would impose significant burden and expense on the witnesses.

The court agrees with the EEOC that the subpoenaed documents fall outside the scope of discovery that Rule 26(b)(1) permits. Although the subpoenas *duces tecum* are limited to communications between specific individuals and to a specific five-month timeframe, they are *not* confined to communications that are related to a claim or defense in this case: rather, they require the witnesses to produce documents "related to *any* communications" with Budd during the specified timeframe. P. Br. (ECF No. 54) at 3 (emphasis added). Consequently, although these subpoenas *duces tecum* do have some suitable limitations, they "still exceed[] the permissible scope of discovery as set forth in Rule 26(b), as [they] would likely encompass many communications having absolutely nothing to do with" the issues in the case. *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F.Supp.3d 613, 620 (E.D. La. 2022). District courts in the Fifth Circuit generally look with disfavor on

subpoenas that require production of documents that are not actually related to a claim or defense. *See, e.g.*, *MC Trilogy Tex., LLC v. City of Heath, Tex.*, 2023 WL 5918925, at *8 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.) (declining to enforce third-party subpoena *duces tecum* requiring production of "all" communications during time-bound period as overly broad); *Crescent City Remodeling*, 643 F.Supp.3d at 620 (narrowing third-party subpoena to require production of only documents on case-related issues); *Burdette v. Panola County*, 83 F.Supp.3d 705, 707 (N.D. Miss. 2015) (quashing third-party subpoena where relevance of requested documents to any party's claim or defense was not shown); *Winter v. Bisso Marine Co.*, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (same); *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998) (Fitzwater, J.) (narrowing third-party subpoena requiring production of "any and all" documents). The court therefore concludes that, as written, the document production requirement in the witnesses' subpoenas *duces tecum* is impermissibly overbroad and exceeds the scope of permissible discovery under Rule 26(b)(1).

2

"Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (footnote and citation omitted). But here, narrowing the subpoenas *duces tecum* to include only communications between the witnesses and Budd related to a claim or defense in the case would not suffice. If the court imposed such a modification, the document production would then be unreasonably duplicative of other discovery. The EEOC has already produced documents

that are responsive to SkyWest's requests for "all e-mails and text messages concerning the allegations contained in the Complaint" and "all documents concerning any online" activity related to the case, including logs of text message communications between Budd and the witnesses. P. Br. (ECF No. 54) at 4. Any communications between the witnesses and Budd related to claims or defenses in the case would necessarily fall into these discovery categories.

SkyWest asserts that several text message exchanges between Budd and the witnesses appear to be incomplete, and also points out that, at Matthews's deposition, she produced one relevant text message that had not previously been produced by the EEOC. On these bases, SkyWest contends that the other witnesses may possess additional, non-duplicative documents that are relevant to SkyWest's defenses. The court concludes that SkyWest has failed to present sufficient proof of deficiencies in the EEOC's production to warrant compelling the four non-party witnesses to produce what is likely to be generally cumulative and duplicative discovery.

Instead, SkyWest can seek supplementation of the production of communications between Budd and the witnesses via additional discovery requests addressed to the EEOC or Budd, which the EEOC has stated a willingness to coordinate. This method is likely "more convenient, less burdensome, [and] less expensive." Rule 26(b)(2)(C).

Accordingly, the court holds that the witnesses are entitled to an order protecting them from producing the documents covered by the subpoenas *duces tecum*.

C

1

The EEOC also asserts that the witnesses should not be deposed, or, in the alternative, that their depositions should be limited in scope.  It maintains that (1) the depositions are unreasonably cumulative and duplicative of other discovery; (2) SkyWest has had ample opportunity to obtain information about Budd's alleged damages from a less burdensome source; and (3) the witnesses' testimony is outside the scope of discovery permitted by Rule 26(b)(1), because the burden and expense of deposing the witnesses outweighs the likely benefit, "[n]one of the witnesses have any personal knowledge of Defendant's DFW workplace environment, where all facts underlying the allegations occurred," P. Br. (ECF No. 54) at 9-10, and additional depositions of Budd's family and friends "are disproportionate to the needs of this straightforward sexual harassment case and would greatly burden non-parties," *id.* at 11.  The court declines to enter a protective order under Rule 26(b)(2)(C) barring the witnesses from being deposed.

2

The court disagrees with the EEOC that these depositions would be unreasonably cumulative and duplicative of discovery from Budd's mental health counselor, psychiatrist, and primary care physician.  SkyWest states that it intends to depose the witnesses

> on their personal knowledge of Ms. Budd's allegations against SkyWest; observations of her emotional state during her employment at SkyWest DFW; phone and/or in-person conversations about Ms. Budd's allegations against SkyWest; personal knowledge of her employment situation (*i.e.*, desire to

- 6 -

> be a part-time employee, maintain her flight benefits, etc.);
> mitigation of her damages; party admissions from Ms. Budd; her
> damages as a whole; emotional distress and perceived causes of
> emotional distress; and/or the omission of any of these items.

D. Resp. (ECF No. 57) at 8-9.  While some of this information may also be available from

Budd's medical and mental health professionals, these four witnesses, who are Budd's close

family and friends, likely have evidence on these subjects that the professionals do not

possess.  The EEOC has thus failed to establish that the discovery sought in these depositions

would be *unreasonably* cumulative or duplicative.

The EEOC has also failed to demonstrate that SkyWest has already had a sufficient

opportunity to obtain this information in discovery.  Again, it appears likely that these

witnesses possess information on at least some of SkyWest's desired deposition topics that

the subpoenaed professionals do not have.  The depositions also seek some information from

the witnesses that cannot be obtained in documentary form, such as the subject matter of in-

person or telephone conversations.

Furthermore, the court disagrees with the EEOC that the depositions are outside the

scope of discovery permitted by Rule 26(b)(1).  Deposition testimony on the subjects

SkyWest lists—even testimony concerning Budd's divorce, marital state, and day-to-day

grievances—appears to be relevant to SkyWest's causation and damages defenses because

it may reveal factors, not attributable to wrongful conduct of SkyWest, that contributed to

Budd's mental state and emotional distress during her employment at SkyWest.  This

discovery also does not appear to be disproportionate to the needs of the case or overly

burdensome considering its likely benefit.  Budd identified these witnesses as persons with knowledge of her allegations against SkyWest, and it seems likely that they have information that SkyWest cannot obtain through other discovery methods.  And although the EEOC attempts to cast these depositions as covering merely minor issues in a generally straightforward lawsuit, the issues of causation and damages are actually central to the EEOC's case.

Because none of the Rule 26(b)(2)(C) conditions under which the court must limit discovery is met, the court declines to protect the witnesses from being deposed or to limit the scope of the depositions under this rule.

III

The court turns next to the EEOC's request for a protective order under Rule 26(c)(1), and considers whether protecting the witnesses from being deposed or limiting the scope of their depositions is warranted under this rule.

A

Rule 26(c) affords a court broad discretion to grant a motion for protective order on a showing of "good cause," "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 26(c)(1).  In granting a meritorious motion, a court can impose a protective order that, *inter alia*, "forbid[s] the disclosure or discovery" sought or "forbid[s] inquiry into certain matters, or limit[s] the scope of disclosure or discovery to certain matters."  *Id.*  When considering a motion for protective order, "[t]he court must balance the competing interests of allowing discovery and protecting the parties

- 8 -

and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, J.).  The party seeking the protective order bears the burden of making a specific objection and showing that the discovery fails the Rule 26(b)(1) proportionality calculation.  *Carter v. H2R Rest. Holdings, LLC*, 2017 WL 2439439, at *4 (N.D. Tex. June 6, 2017) (Horan, J.).

"[P]rotective orders barring depositions are rarely granted."  *Reeves v. State Farm Lloyds*, 2022 WL 4454365, at *3 (N.D. Tex. Sept. 23, 2022) (Bryant, J.); *see Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (Kaplan, J.) (same).  "It is very unusual for a trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such an order would likely be in error."  *iLife Techs., Inc. v. Nintendo of Am. Inc.*, 2017 WL 11825077, at *2 (N.D. Tex. Mar. 1, 2017) (Lynn, C.J.) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

B

The EEOC contends that the depositions in question "appear to be an attempt to annoy, embarrass, and intimidate both Budd and her friends and family."  P. Br. (ECF No. 54) at 11.  In particular, the EEOC is concerned that SkyWest will ask the witnesses about details of Budd's mental health that Budd has previously kept private from them, thereby exposing Budd to embarrassment.  *Id.* at 11-12.  The EEOC also seems to argue that the fact that Matthews was subjected to apparent distress at her deposition means that the other witnesses will suffer similarly if deposed.  It asserts that the witnesses do not have any personal knowledge of Budd's workplace environment and that there is no indication that

- 9 -

their testimony will be relevant.  *Id.* at 10.

The EEOC has not demonstrated that it is entitled to rare and unusual relief in the form of a protective order precluding these depositions altogether.  While the EEOC attempts to make the argument that the witnesses have no knowledge relevant to this lawsuit, Budd's admission that they have knowledge of her allegations and the EEOC's production of relevant text exchanges between them and Budd undercut this argument.  And, as discussed above, the EEOC has not shown that these depositions fail the Rule 26(b)(1) proportionality calculation: they have not shown that they are disproportionate to the needs of the case or are overly burdensome considering their likely benefit.  Finally, the court will not grant a protective order based on mere speculation that, because Matthews was subjected to distress at her deposition, the other witnesses will necessarily undergo a similar experience.

Accordingly, the court declines to grant a protective order under Rule 26(c)(1) precluding the witnesses from being deposed.

\* \* \*

For the reasons explained, the court grants in part and denies in part the EEOC's December 29, 2023 motion for protective order.  SkyWest may proceed with the depositions of the four witnesses, but it cannot require them to produce the documents specified in the subpoenas *duces tecum*.[3]

---

[3]To avoid the recurrence of a dispute that arose at Matthews' deposition, and to clarify whether during the depositions SkyWest can insist under Fed. R. Evid. 612(a) on the production of documents that the court is declining to order produced in today's ruling, the court notes the following: Rule 612(a)(2) applies "when a witness uses a writing to refresh

- 10 -

**SO ORDERED**.

January 8, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[the witness'] memory . . . before testifying, if the court decides that justice requires the party to have those options." Rule 612(a)(2) does *not* require production simply because a witness has read or reviewed a document (or part of a document) before testifying.  The witness must have used the writing to refresh her memory.  So, for example, if a witness has read several pages of text messages in order to reach the one that refreshed her memory, those messages are not subject to the options of Rule 612(b), including production and cross-examination.

- 11 -