IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>SARAH BUDD,<br><br>Intervenor-Plaintiff,<br><br>VS.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Civil Action No. 3:22-CV-1807-D |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Equal Employment Opportunity Commission ("EEOC") and intervenor-plaintiff Sarah Budd ("Budd") (collectively, "plaintiffs") against defendant SkyWest Airlines, Inc. ("SkyWest"), the EEOC moves to exclude the testimony of Steven H. Berger, M.D. ("Dr. Berger"), whom SkyWest intends to call as an expert witness at trial.[1] For the reasons that follow, the court concludes that SkyWest has not met its burden to demonstrate by a preponderance of the evidence that Dr. Berger's testimony is admissible under Fed. R. Evid. 702, and it grants the motion.[2]

---

[1] The court is deciding the motion on the briefs, without oral argument.

[2] The court assumes the parties' familiarity with its prior memorandum opinions and orders that recount the background facts and procedural history of this case. *See EEOC v.*

I

The EEOC moves to exclude Dr. Berger's anticipated opinion testimony challenging the diagnoses of Budd made by plaintiffs' expert, Kristin W. Samuelson, Ph.D. ("Dr. Samuelson"), and the results of Dr. Samuelson's assessment of Budd based on the Minnesota Multiphasic Personality Inventory — Third Edition ("MMPI-3"), and related to certain other matters pertaining to Budd's alleged psychological distress. The court assumes the parties' familiarity with the framework of *Daubert*[3] and its progeny for determining the admissibility of expert testimony.

II

Dr. Berger opines that Dr. Samuelson's diagnosis that Budd suffers from Post-traumatic Stress Disorder ("PTSD") is incorrect. The EEOC contends that this opinion should be excluded because Dr. Berger is unqualified to render it, and because it is irrelevant and unreliable. SkyWest responds that "Dr. Berger's interpretation of the diagnostic criteria for PTSD is the method widely accepted by the scientific community." D. Resp. (ECF No. 100) at 13. The court holds that this opinion and Dr. Berger's related testimony are not admissible.

---

*SkyWest Airlines, Inc.*, 2024 WL 84211, at *1 (N.D. Tex. Jan. 8, 2024) (Fitzwater, J.); *EEOC v. SkyWest Airlines, Inc.*, No. 3:22-CV-1807-D (N.D. Tex. Jan. 17, 2024) (Fitzwater, J.); *EEOC v. SkyWest Airlines, Inc.*, 2024 WL 476992, at *1-3 (N.D. Tex. Feb. 7, 2024) (Fitzwater, J.); *EEOC v. SkyWest Airlines, Inc.*, 2024 WL 1942124, at *1-2 (N.D. Tex. May 2, 2024) (Fitzwater, J.).

[3]*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Dr. Berger is not qualified to critique Dr. Samuelson's performance of the psychological assessments that support her diagnosis because he has never performed them himself, he is not qualified to read or interpret their resulting data, he has received no specialized training on PTSD, and he has never written on the topic. *See* Fed. R. Evid. 702(a).

Dr. Berger's opinion is also unreliable. *See* Fed. R. Evid. 702(c). His purported "common-sense" approach to reading the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, is plainly inadequate. *See, e.g.*, *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) (concluding that "Rule 702 demand[s] that the district court evaluate the methods, analysis, and principles relied upon in reaching the opinion. . . . [and] that it 'will have a reliable basis in the knowledge and experience of [the] discipline' ").

III

Dr. Berger also opines that the MMPI-3 assessment that Dr. Samuelson administered to Budd "indicates that [Budd] over-reports some symptoms." P. App. (ECF No. 93-1) at 58. The EEOC contends that this opinion should be excluded because it is "not his own[,]" P. Br. (ECF No. 91) at 8, but that of his colleague, Sarah Hall, Ph.D. ("Dr. Hall"), "to whom he provided Dr. Samuelson's data[,]" *id.* at 8. SkyWest responds that "Dr. Berger provided independent analysis of Dr. Hall's findings on the MMPI-3." D. Resp. (ECF No. 100) at 8. This opinion, too, is inadmissible.

The opinion is unreliable because it rests on what Dr. Berger acknowledges are his common sense and life experience, and Dr. Hall's findings, which he did not independently

- 3 -

analyze. *See* Fed. R. Evid. 702(c); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 269 (5th Cir. 2022) (reversing admission of expert testimony where witness relied on another expert's opinions, without independently verifying them); *see also, e.g.*, *Watkins*, 121 F.3d at 991; *Jeasonne v. Sutherland Bldg. Material Ctrs., L.P.*, 2013 WL 4893787, at *2 (W.D. La. Sept. 11, 2013). Moreover, Dr. Berger—who has never administered the MMPI-3 and is unable to read its test data—is unqualified both to opine on Budd's MMPI-3 assessment and to independently analyze Dr. Hall's MMPI-3 findings. *See, e.g.*, *EEOC v. Mod. Grp., Ltd.*, 2024 WL 1290450, at *23 (E.D. Tex. Mar. 25, 2024) (admitting expert testimony that relied on another expert's findings where testifying expert was qualified to, and did, independently analyze them); *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, at *3 (E.D. Tex. Dec. 18, 2019) (same).

IV

Finally, Dr. Berger opines that Budd "failed to mitigate her symptoms[,]" P. App. (ECF No. 93-1) at 58-59, and that her "litigation stress is not compensable[,]" *id.* at 59. The EEOC contends that "Dr. Berger draws impermissible conclusions of both fact and law that should be excluded as unhelpful to the jury and unduly prejudicial." P. Br. (ECF No. 91) at 13. SkyWest responds that, although Dr. Berger's "comment regarding litigation stress is a legal conclusion" that should be omitted, "Dr. Berger's testimony will help the jury understand the evidence." D. Resp. (ECF No. 100) at 17. These opinions also are not admissible.

Dr. Berger is not qualified to offer legal conclusions. *See Renfroe v. Parker*, 974 F.3d

594, 598 (5th Cir. 2020) (citation and internal quotation marks omitted) ("Experts cannot render conclusions of law or provide opinions on legal issues."); *see also, e.g.*, *E.Z. Aces Gaming Inc. v. Penn-Am. Ins. Co.*, 643 F.Supp.3d 620, 625 (W.D. La. 2022) (excluding as unqualified expert's legal conclusion on mitigation of damages). And his dependence once again on his common sense and life experience render these opinions unreliable. *See* Fed. R. Evid. 702(c); *see also, e.g.*, *Watkins*, 121 F.3d at 991; *Jeasonne*, 2013 WL 4893787, at *2.

\* \* \*

For the reasons explained,[4] the court grants the EEOC's motion and excludes the testimony of Dr. Berger.

**SO ORDERED**.

October 18, 2024.

                                                   _____
                                                 SIDNEY A. FITZWATER
                                                 SENIOR JUDGE

---

[4]Because the parties are familiar with the controlling law and the details of Dr. Berger's proposed expert testimony, and Dr. Berger's proposed expert opinions are so clearly inadmissible, the court finds it unnecessary to issue an extensive, detailed ruling. Should it become necessary later in the litigation, however, the court will consider writing at greater length.