THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EQUAL EMPLOYMENT | § |
| OPPORTUNITY COMMISSION, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Civil Action No. 3:22-cv-01807-C |
| | § |
| SKYWEST AIRLINES, INC., | § |
| | § |
| *Defendant.* | § |

## DEFENDANT SKYWEST AIRLINES, INC.'S MOTION IN LIMINE

COMES NOW Defendant SkyWest Airlines, Inc. ("SkyWest"), and prior to announcing ready and before any proceedings are held before a jury, moves the Court as follows:

**I.**

SkyWest asks the Court, by entering the attached Order, to prohibit Plaintiff or Intervenor-Plaintiff from offering any of this evidence without first asking for a ruling from the Court on the admissibility of the evidence outside of the presence of the jury.[1]

**II.**

That Plaintiff and Intervenor Plaintiff, and their attorneys be instructed to instruct all witnesses called by Plaintiff and Intervenor Plaintiff not to volunteer, inject, disclose, state or mention to the jury any of the matters hereinafter set forth unless specifically questioned thereon after a prior ruling by the Court.

## III.

That Plaintiff and Intervenor-Plaintiff, and their attorneys be instructed and through them all witnesses, representatives, and parties appearing at their request, that the failure to abide by such order of the Court may constitute contempt and/or necessitate the granting of a Motion for Mistrial.

## IV.

SkyWest moves to either limit or exclude the following evidence:

1. **<u>Any Evidence of Alleged Acts In Violation of SP 53 Not Personally Experienced By Ms. Budd.</u>**

SkyWest moves to exclude any evidence of alleged acts in violation of SkyWest's Productive Work Environment Standard Practice 53 (hereinafter "SP 53") that were not "personally experienced" by Ms. Budd. *See* **Ex. A**, SkyWest's SP 53; *see also Septimus v. University of Houston*, 399 F.3d 601, 612 (5th Cir. 2005); *see Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 652 (5th Cir. 2012)(questioning whether *Septimus* dictates "that evidence regarding other workers is never relevant" but concluding that it mandates at least that the specific "harassment must have affected a term, condition, or privilege of *the victim's* employment"); *Saketkoo v. Tulane University School of Medicine,* 510 F. Supp.3d 376 (E.D. La. 2020)(Because the plaintiff was not present for certain interactions, those interactions cannot render the alleged harassment as severe or pervasive). To prove the elements of her hostile work environment cause of action, Ms. Budd must demonstrate she was "subjected to" the complained of harassment, and the complained of harassment "affected a term, condition or

---

[1] "An order granting a motion in limine is an order requiring the offering party to approach the bench and seek leave from the Court prior to mentioning the matter covered by the order to the jury . . . ." *SynQor, Inc. v. Vicor Corp.*, No. 2:14-CV-287-RWS-JBB, 2022 WL 7219272, at *6 (E.D. Tex. Oct. 7, 2022).

privilege" of her employment.[2] *See Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001); *Bye v. MGM Resorts International Incorp.*, 49 F.4th 918, 923 (5th 2022); *see also Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 24; 114 S.Ct. 367, 371; (1993)(citing *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67; 106S. Ct. 2399, 2405; 91 L.Ed.2d 49 (1996)(sexual harassment is actionable if it is "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment). If Ms. Budd were not aware of an alleged act or she did not "personally experience" the alleged act, she could not have been "subjected" to it as harassment and it could not have "altered a term, condition, or privilege" of her employment, and therefore, it should be excluded as evidence. Further, the admission of such evidence of alleged acts in violation of SkyWest's SP 53 that were not "personally experienced" by Ms. Budd are both irrelevant to Ms. Budd's allegations. may confuse the jury and be highly prejudicial to SkyWest. *See* 401, 403, FED. R. EVID. Additionally, the admission of such evidence of alleged acts in violation of SP 53 not "personally experienced" by Ms. Budd would constitute impermissible character evidence meant to demonstrate the alleged perpetrator(s) of the other act(s), either an individual mechanic or group of mechanics at SkyWest, acted in conformity with his or their character, which is impermissible under the Rule 4040(b)(1). *See* 404(b)(1), FED. R. EVID.

2. **Limit Testimony of EEOC Expert, Dr. Kristin Samuelson And Exclude Any Opinion of Whether the Harassment Happened.**

SkyWest seeks to limit the testimony of Kristin Samuelson, PhD., the EEOC's retained expert, to the issue of Ms. Budd's compensatory damages, and exclude all testimony and opinion

---

[2] In order to establish a hostile work environment claim, the employee has to demonstrate that: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Woods,* 274 F.3d. at 298.

by Dr. Samuelson regarding whether the harassment did or did not occur. With respect to the first issue limiting Dr. Samuelson's testimony to the issue of damages, Dr. Samuelson was clearly retained to opine as to the nature and extent of Ms. Budd's compensatory damages, *e.g.* the EEOC's Amended Expert Designation of Dr. Samuelson states her "testimony and written report assesses [Ms.] Budd's current and past psychological functioning and psychological impact of the sexual harassment she experienced while employed by Defendant." *See* **Ex. B**, EEOC's Expert Desg.; s*ee also* **Ex. C**, Expert Report. Thus, it is clear Dr. Samuelson was retained by the EEOC to opine on Ms. Budd's past, present and future mental state, resulting from the alleged harassment at SkyWest DFW, and in support of Ms. Budd's compensatory damages. On the second issue, SkyWest moves to exclude any opinion by Dr. Samuelson as to whether the alleged harassment did or did not happen as Dr. Samuelson has no personal knowledge of the alleged harassment. Dr. Samuelson's opinions and testimony outside the issue of Ms. Budd's alleged damages, and any statement or opinion from Dr. Samuelson indicating the harassment did or did not happen are both irrelevant and highly prejudicial to SkyWest. *See* 401, 403, FED. R. EVID.

3. **Any Evidence of Discrimination That Is Not Based Upon Sex.**

SkyWest moves to exclude any evidence of discrimination against SkyWest that is not based upon sex. For instance, the EEOC has indicated it will call current SkyWest employee, Carlos Avalo, as a witness in this trial and the parties will seek to admit a copy of SkyWest's internal investigation of Ms. Budd's allegations of sexual harassment as an exhibit in this trial. Mr. Avalo was interviewed by SkyWest's Employee Relations Manager, Kellie Dehais, at which time he indicated he felt discriminated against because of his nationality – Peruvian. *See* **Ex. D**, SkyWest's Internal Investigation. There are no discrimination claim in this case based upon

**DEFENDANT'S MOTION IN LIMINE**
FP 51936204.1 Page 4 of 9

ethnicity, race, or nationality. *See* (Doc. 1). Therefore, any statements by Mr. Avalo regarding discrimination based upon his nationality, ethnicity, or race have no relevance to Ms. Budd's allegations of a hostile work environment based upon her sex – female, and as such, this evidence should be excluded from use at trial. *See Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 357-8, (5th Cir. 1995)(finding "certain acts of unrelated discrimination are irrelevant"); *See also, Rauh v. Coyne,* 744 F. Supp. 1181, 1183 (D.C. Cir. May 2, 1990)(the court excluded evidence regarding alleged racial animus by defendant in a sex based discrimination case); *see also, Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 808 (E.D. Pa. 2005)(the court excluded evidence of sexual harassment in a case involving age and/or disability discrimination); *Simonetti v. Ruyon*, No. Civ. A. 98-2128, 2000 WL 1133066 (D. N.J. August 7, 2000)(the court refused to accord any probative value to evidence of racial and religious discrimination in a disability discrimination case); *Shah v. Altadis U.S.A., Inc.*, No. Civ. 03-CV—1312; 2006 WL 8448275 (M.D. Pa. February 17, 2006). SkyWest argues even if this evidence has some marginal relevance, it should be excluded because its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury.[3] *See* 401, 403, FED. R. EVID. Allowing evidence of unrelated claims of discrimination based upon ethnicity or race would serves no legitimate purpose, would waste valuable trial time and would create a risk of jury confusion. Therefore, the Court should exclude evidence and argument pertaining to discrimination claims based upon another protected characteristic, not sex, because it is wholly unrelated to the allegations raised by the EEOC and Ms. Budd.

---

[3] Evidence supporting claims not asserted fails the test of relevance under Rule 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action").

4. **Any Evidence of Events That Occurred After Ms. Budd's Employment At SkyWest DFW.**

SkyWest moves to exclude any evidence of events that occurred at SkyWest DFW following Ms. Budd's retirement on May 31, 2020, including but not limited to, sexual harassment training conducted at SkyWest DFW after Ms. Budd's employment with SkyWest ended. SkyWest argues any evidence of events that occurred after Ms. Budd's employment with SkyWest ended are not relevant to her allegations of a hostile work environment and retaliation, specifically, when SkyWest conducted in person training at SkyWest DFW will not aid the jury in determining whether a fact is more probable or less probable than it would without admission of the evidence. *See* 401, FED. R. EVID.

5. **Exclusion Of Any Evidence of Ms. Budd's Prior Sexual Assault(s).**

SkyWest moves to exclude all evidence regarding Ms. Budd's prior experiences of sexual assault or sexual trauma, specifically, the sexual assault(s) she experienced in Fiji in 2006. SkyWest argues such testimony's probative value, if any, is substantially outweighed by its highly prejudicial nature. *See* 403, FED. R. EVID. Any evidence of Ms. Budd's prior sexual trauma(s) only serves to invoke sympathy from the jury and are wholly unrelated to SkyWest and Ms. Budd's employment with SkyWest; therefore, testimony and evidence related to the severity or impact of Ms. Budd's past sexual trauma would be unfairly prejudicial to SkyWest in that it would confuse the issues and mislead the jury. *See id*. Further, Ms. Budd's prior experiences of sexual trauma are remote in time and wholly dissimilar to the accusations waged against Defendant. *See U.S. v. Dillon*, 532 F.3d 379 (2008) (excluding evidence of the defendant's previous uncharged sexual assault as unfairly prejudicial as they were remote in time and unrelated to the current accusation).

Here, there is no evidence demonstrating SkyWest knew or had reason to know of Ms. Budd's previous sexual trauma(s), or that Ms. Budd may have been susceptible to emotional distress as a result. To the extent the EEOC and Ms. Budd attempt to introduce such evidence to establish Ms. Budd's predisposition to react in a certain way (*i.e.*, objective/subjective perception of hostility), the evidence is highly prejudicial. *See* 403, FED. R. EVID. To rise to an actionable level of hostility, the alleged harassment must be objectively hostile or abusive and be subjectively perceived by the victim as abusive. *Simmons v. Triton Elevator*, LLC, 557 F.Supp.3 767, 777 (N.D. Tex. 2021). "Objective hostility" is established by the "reasonable person" standard—whether a reasonable person in the plaintiff's position would find the environment hostile or abusive. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). When making the inquiry into the objective hostility of the environment, the court is to consider all the totality of the circumstances: the frequency of the conduct, the severity, whether it was physically threatening or humiliating or a mere utterance, and whether it unreasonably inferred with one's work performance. *Johnson v. PRIDE Industries, Inc.*, 7 F.4th 392, 400 (5th Cir. 2021) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Ms. Budd's prior sexual trauma(s) have little to no relevance to any of these factors in establishing the objective hostility of the workplace, and there is other—less prejudicial—evidence available to address all factors regarding the objective hostility of the alleged harassment. As for subjective hostility, Ms. Budd's testimony about how she felt and her reporting of the alleged harassing incidents to SkyWest will sufficiently address the matter. As the probative value, if any, of Ms. Budd's previous sexual trauma(s) experience is largely outweighed by its highly prejudicial nature, any testimony and evidence related to Budd's previous experiences with sexual assault and sexual trauma should be excluded. *See* 403, FED. R. EVID. Additionally, SkyWest argues any evidence

of Ms. Budd's prior sexual traumas or sexual predispositions is not admissible in a proceeding involving sexual misconduct as this one. *See* Rule 412, FED. R. EVID.

WHEREFORE, Defendant SkyWest Airlines, Inc. respectfully prays that this Court grant its Motion in Limine.

Respectfully submitted,

By: */s/ Liz E. Drumm*
**CHAD SHULTZ**
(GA # 644440) admitted pro hac vice
GORDON REES SCULLY MANSUKHANI, LLP
55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, Georgia 30308
Tel: (404) 869-9054
Fax: (678) 389-8475
cshultz@grsm.com

**LIZ E. DRUMM**
Texas Bar No. 24086949
FISHER & PHILLIPS LLP
500 Crescent Court, Suite 300
Dallas, TX 75201
Tel: (214) 220-9100
Fax: (214) 220-9122
ldrumm@fisherphillips.com

**COUNSEL FOR DEFENDANT
SKYWEST AIRLINES, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on October 29, 2024, counsel for Defendant conferred with opposing counsel regarding the relief sought in this Motion. This conference was initiated in a good faith effort to resolve the matters presented by this Motion without the necessity of Court action, pursuant to Local Rule 7.1(a). Plaintiff's and Intervenor-Plaintiff's counsel informed Defendant's counsel that both Plaintiff and Intervenor-Plaintiff are opposed to the relief sought in the instant Motion.

*/s/ Liz E. Drumm*
Liz E. Drumm

# CERTIFICATE OF SERVICE

On October 29, 2024, I served the foregoing document on all counsel of record by a manner authorized by FED. R. CIV. P. 5 (b)(2).

Brooke Lopez (brooke.lopez@eeoc.gov)
Alexa Lang (alexa.lang@eeoc.gov)
Equal Employment Opportunity Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
**ATTORNEYS FOR PLAINTIFF**

Edith Thomas (ethomas@zagfirrm.com)
Zipin, Amster & Greenberg, LLC
8757 George Ave., Suite 400
Silver Spring, Maryland 20910
**ATTORNEY FOR INTERVENOR PLAINTIFF**

> */s/ Liz E. Drumm*
> Liz E. Drumm