THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff,* | § § | Civil Action No. |
| v. | § § | 3:22-cv-01807-D |
| SKYWEST AIRLINES, INC., | § § | |
| *Defendant.* | § § | |

### EEOC'S OBJECTIONS TO SKYWEST AIRLINES, INC.'S PRE-TRIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), Plaintiff Equal Employment Opportunity Commission ("EEOC") makes these objections to Defendant SkyWest Airlines, Inc.'s ("Defendant") Pre-Trial Disclosures.

**I.    WITNESS LIST**

*A.    Brian Melcher*

The EEOC objects to Brian Melcher's testimony on the basis of Federal Rules of Evidence 401–03, 602, and 801. Brian Melcher is a counselor who saw Plaintiff-Intervenor Sarah Budd and her husband Michael Billotto from approximately July 28, 2019 to October 2022 with a yearlong break spanning Ms. Budd's entire employment by SkyWest in Dallas-Fort Worth. Ms. Budd disclosed Mr. Melcher as someone with knowledge as she recalled mentioning her employment with Defendant to him. However, he testified that he does not recall discussing Ms. Budd's employment by Defendant either in Utah or DFW. He does not recall Ms. Budd ever telling him about her EEOC charge. In fact, Mr. Melcher's memory cannot even be refreshed as he retained no notes from his treatment. Mr. Melcher has no relevant testimony about Ms. Budd's damages

1

resulting from her employment by SkyWest as his recollection of his counseling focused on Ms. Budd and Mr. Billotto's relationship. Defendant seeks to introduce irrelevant and prejudicial hearsay testimony about Ms. Budd and Mr. Billotto's run of the mill marital difficulties.

    B.    *Carlynn Krafczyk*

The EEOC objects to Carlynn Krafczyk's testimony as irrelevant on the basis of Federal Rules of Evidence 401–03. It also objects on the basis of Federal Rule of Civil Procedure 26 that she was not disclosed as a person with knowledge. Ms. Krafczyk interviewed Ms. Budd for her position as Parts Clerk in Dallas-Fort Worth and assisted in coordinating her transfer from St. George, Utah. No evidence has been disclosed to suggest Ms. Krafczyk has any personal knowledge of any relevance to the claims or defenses in this action.

**II.    EXHIBIT LIST**

    A.    *Defendant Exhibit 1: DFW Parts Clerk Requisition Email Thread*

The EEOC objects to Defendant's Exhibit 1 as irrelevant. *See* Fed. R. Evid. 401. The details of requisitioning Ms. Budd's Parts Clerk position in Dallas-Fort Worth are not relevant to her hostile work environment claim as they do not tend to make any fact of consequence more or less probable.

    B.    *Exhibit 10: Text Messages Between Dustin Widmer and Kellie Dehais*

The EEOC objects to Defendant's Exhibit 10 as Defendant cannot lay a foundation for its inclusion. The Parties are likely to rely on deposition designations to present the testimony of Kellie Dehais and Dustin Widmer. This exhibit was not presented to either Ms. Dehais or to Mr. Widmer at deposition for identification. No other witness will be able to lay an adequate foundation for its admission.

  C. *Exhibit 22: Credit Card Charges from Brian Melcher*

The EEOC objects to EEOC 418-20 within Defendant's Exhibit 22 on the same bases as it objects to Brian Melcher's testimony. Exhibit 22 is an email received by the EEOC from Intervenor Counsel during the investigation of Ms. Budd's charge of discrimination. EEOC 418-20 is a record of charges to Ms. Budd's credit card by Brian Melcher. As Ms. Budd and Mr. Billotto sought Mr. Melcher's services for marriage counseling unrelated to Budd's employment, her payments to him are irrelevant. Fed. R. Evid. 401–03.

  D. *Exhibits 34-36: SkyWest Training Materials*

The EEOC objects to Defendant's Exhibits 34-36 as Defendant cannot lay a foundation for their inclusion. The Parties are likely to rely on deposition designations to present the testimony of Kellie Dehais. These exhibits were not presented to Ms. Dehais at deposition for identification. No other witness will be able to lay an adequate foundation for their admission.

  E. *Exhibit 49: EEOC's Response to SkyWest Airlines Inc.'s First Set of Interrogatories*

The EEOC objects to Interrogatories No. 5, 7, 16, 18, and the accompanying responses as irrelevant as this Court dismissed Ms. Budd's constructive discharge claim, and therefore her claim for backpay, on February 7, 2024. *See* Dkt. 75; Fed. R. Evid. 401.

The EEOC further objects to Interrogatory No. 10 and its accompanying response as irrelevant to any claim or defense and unduly prejudicial as it requests information related to other lawsuits to which Ms. Budd has been a party. *See* Fed. R. Evid. 401–03.

The EEOC objects to Interrogatories No. 11, 12, 13, 20, and the accompanying responses as irrelevant as they relate to details of the EEOC administrative investigation of Ms. Budd's charge of discrimination that do not bear on the merits of her claims under Title VII. Fed. R. Evid. 401. *See also Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002) (per curiam) ("The EEOC's

[disposition] of [Charging Party's] complaint did not determine her rights or have legal consequences. It simply ended the agency's investigation of her charge, and notified [her] of her right to pursue her claim in court.").

  F. *Exhibit 50: Intervenor Budd's Responses to SkyWest Airlines Inc.'s First Set of Interrogatories*

The EEOC objects to Interrogatories No. 2, 3, 4, 5, 18, and the accompanying responses as irrelevant as this Court dismissed Ms. Budd's constructive discharge claim, and therefore her claim for backpay, on February 7, 2024. *See* Dkt. 75; Fed. R. Evid. 401.

The EEOC further objects to Interrogatory No. 7 and its accompanying response as irrelevant to any claim or defense and unduly prejudicial as it requests information related to other lawsuits to which Ms. Budd has been a party. *See* Fed. R. Evid. 401–03.

  G. *Exhibit 52: Intervenor Budd's Responses to SkyWest Airlines Inc.'s Third Set of Interrogatories*

The EEOC objects to Interrogatory No. 1 and the accompanying response as irrelevant as this Court dismissed Ms. Budd's constructive discharge claim, and therefore her claim for backpay, on February 7, 2024. *See* Dkt. 75; Fed. R. Evid. 401.

  H. *Exhibit 54: Dr. Berger's Report*

The EEOC objects to Defendant's Exhibit 54 pursuant to this Court's Memorandum Opinion and Order dated October 18, 2024 (Dkt. 110) and Federal Rule of Evidence 702. Dr. Berger's testimony and expert opinions have been excluded from this matter in their entirety.

  I. *Defendant Exhibit 57: SkyWest Uniform*

The EEOC objects to Defendant's Exhibit 57, a SkyWest uniform, on the basis of Federal Rules of Evidence 401–03 and 412. Defendant intends to use this exhibit to support the assertion that Budd's clothing choices at work were insufficiently modest or that her shirts were low-cut or

partially unbuttoned. This is irrelevant, unduly prejudicial, and inadmissible under Rule 412's heightened standard for evidence offered to prove a claimant's sexual behavior or predisposition.

### J. All Demonstrative Exhibits

The EEOC objects to Defendant's demonstrative exhibits 55–58 as they have not yet been disclosed and the EEOC cannot sufficiently evaluate their admissibility prior to their disclosure.

## III. DESIGNATIONS

### A. Deposition Designations of Available Witnesses

The EEOC objects to Defendant's designation of witnesses who are available pursuant to Federal Rule of Civil Procedure 32(a)(4). Specifically, the EEOC understands Michael Billotto, Dallin Hansen, Brenda Kelley, Carlos Avalo, John P. Hood, and Uzma Zaidi to be available and therefore not properly designated pursuant to Rule 32.

Respectfully,

ROBERT CANINO
Oklahoma Bar No. 011782
Regional Attorney

ANN HENRY
Illinois Bar No. 6272394
Acting Supervisory Trial Attorney

/s/ Alexa Lang
ALEXA LANG
Texas Bar No. 24105356
Trial Attorney

BROOKE E. LÓPEZ
Texas Bar No. 24125141
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor

5

Dallas, Texas 75202
(TEL) (972) 918-3648
(FAX) (214) 253-2749

6