IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:22-CV-1807-D |
| and | § § | |
| SARAH BUDD, | § § | |
| Intervenor-Plaintiff, | § § | |
| VS. | § § | |
| SKYWEST AIRLINES, INC., | § § | |
| Defendant. | § § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

32    In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as

33 to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or

34 public opinion. The parties and the public expect that you will carefully and impartially consider

35 all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict

36 regardless of the consequences.

37    This case should be considered and decided by you as an action between persons of equal

38 standing in the community and holding the same or similar stations in life. The law is no respecter

39 of persons, and all persons stand equal before the law and are to be dealt with as equals in a court

40 of justice.

41    As stated earlier, it is your duty to determine the facts, and in so doing you must consider

42 only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony

43 of the witnesses, including deposition witnesses, the exhibits admitted in the record, and any

44 stipulated facts. Stipulated facts must be regarded as proven facts. The term "evidence" does not

45 include anything that I have instructed you to disregard.

46    Evidence admitted before you for a limited purpose may not be considered for any purpose

47 other than the limited purpose for which it was admitted.

48    Remember that any statements, objections, or arguments made by the lawyers are not

49 evidence in the case. The function of the lawyers is to point out those things that are most

50 significant or most helpful to their side of the case and, in so doing, to call your attention to certain

51 facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your

52 own recollection and interpretation of the evidence that controls in the case. What the lawyers say

53 is not binding upon you. If an attorney's question contained an assertion of fact that the witness did

54    not adopt, the assertion is not evidence of that fact.

55    You are not bound by any opinion that you might think I have concerning the facts of this

56    case, and if I have in any way said or done anything that leads you to believe that I have any opinion

57    about the facts in this case, you are instructed to disregard it.  Further, nothing in these instructions

58    to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict

59    I think you should find.

60    Although you should consider only the evidence in the case, you are permitted to draw such

61    reasonable inferences from the testimony and exhibits as you feel are justified in the light of

62    common experience.  In other words, you may make deductions and reach conclusions that reason

63    and common sense lead you to draw from the facts established by the evidence in the case.

64    You should not be concerned about whether the evidence is direct or circumstantial.  "Direct

65    evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such

66    as by an eyewitness or in a document.  "Circumstantial evidence" is proof of a chain of facts and

67    circumstances that, without going directly to prove the existence of an essential fact, gives rise to

68    a logical inference that such fact does actually exist.  The law makes no distinction between the

69    weight you may give to either direct or circumstantial evidence.

70    Now, I have said that you must consider all of the evidence.  This does not mean, however,

71    that you must accept all of the evidence as true or accurate.

72    You are the sole judges of the "credibility" or believability of each witness and the weight

73    to be given to the witness' testimony.  In weighing the testimony of a witness, you should consider

74    the witness' relationship to a particular party; the witness' interest, if any, in the outcome of the

75    case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge

- 3 -

concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness' testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Before this trial, attorneys

representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you insofar as possible, in the same way as if the witness had been present and had testified from the witness stand in court.

Deposition testimony can be introduced for the purpose of impeaching or discrediting a witness. If, in the deposition, the witness made any statements in conflict with testimony the witness gave in court, you may consider such conflicts and any explanation therefor in determining the witness' credibility.

The rules of evidence provide that if scientific, technical, or other specialized knowledge will help the jury to understand the evidence or to determine a fact in issue, a witness who is qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters if the testimony is based on sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness' opinion reflects a reliable application of the principles and methods to the facts of the case.

You should consider each opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion is not based on sufficient knowledge, skill, experience, training, or education, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is not based on sufficient facts or data, or that the opinion is outweighed by other evidence, or that the opinion is not the product of reliable principles and methods, or that the witness' opinion does not reflect a reliable application of the principles and methods to the facts in the case, then you may disregard the opinion entirely.

120    Plaintiffs have the burden of proving their case by a "preponderance of the evidence." To

121    establish by a preponderance of the evidence means to prove something is more likely so than not

122    so. If you find that plaintiffs have failed to prove any element of their claim by a preponderance of

123    the evidence, then they may not recover on that claim.

124    In determining whether any fact in issue has been proved by a preponderance of the

125    evidence, the jury may consider the testimony of all the witnesses, including deposition witnesses,

126    regardless of who may have called them, and all the exhibits received in evidence, regardless of who

127    may have produced them.

128    As used in this charge, the term "EEOC" means plaintiff Equal Employment Opportunity

129    Commission; the term "Budd" means intervenor-plaintiff Sarah Budd; the term "plaintiffs" means

130    the EEOC and Budd, collectively; and the term "SkyWest" means defendant SkyWest Airlines, Inc.

131    As a corporation, SkyWest can only act through natural persons as its agents or employees.

132    In general, any agent or employee of a corporation may bind the corporation by acts and declarations

133    made while acting within the course and scope of the authority delegated to the agent or employee

134    by the corporation, or within the scope of the person's duties as an employee of the corporation.

135    ## PLAINTIFFS' HOSTILE WORK ENVIRONMENT CLAIM

136    Plaintiffs claim that Budd was subjected to a sexually hostile work environment by her

137    coworkers and that their employer, SkyWest, knew, or in the exercise of reasonable care should have

138    known, of the harassment but did not take prompt remedial action.

139    SkyWest denies plaintiffs' claim. SkyWest contends that Budd was not subjected to a

140    sexually hostile work environment and that it did not fail to take prompt remedial action to stop the

- 6 -

141    harassment once reported by Budd.

142    It is unlawful for an employer to fail to take remedial action when the employer knew, or

143    should have known, that a coworker sexually harassed an employee.

144    For SkyWest to be liable for sexual harassment, plaintiffs must prove by a preponderance

145    of the evidence that SkyWest employees engaged in sexual harassment and:

146    1. the conduct was sufficiently severe or pervasive to:

147    a. alter the terms or conditions of Budd's employment; and

148    b. create a hostile or abusive work environment; and

149    2. SkyWest knew, or in the exercise of reasonable care should have known, that Budd was

150    being sexually harassed.  To make this showing, plaintiffs must prove that:

151    a. The harassment was known by or communicated to a person who had the authority

152    to receive, address, or report the complaint, even if that person did not do so, or the

153    harassment was so open and obvious that SkyWest should have known of it; and

154    b. SkyWest failed to take prompt remedial action designed to stop the harassment.

155    To determine whether the conduct in this case rises to a level that altered the terms or

156    conditions of Budd's employment, you should consider all of the circumstances, including: the

157    frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a

158    mere offensive utterance; and whether it unreasonably interfered with Budd's work performance.

159    There is no requirement that the conduct be psychologically injurious.

160    Harassment may include extremely insensitive conduct based on sex.  Although sexual

161    harassment must be based on sex, it need not be motivated by sexual desire.  Simple teasing, offhand

162    comments, sporadic use of offensive language, occasional jokes related to sex, and isolated incidents

- 7 -

163  (unless extremely serious) will generally not amount to discriminatory changes in the terms and

164  conditions of employment.  But discriminatory intimidation, ridicule, or other verbal or physical

165  conduct because of Budd's sex may be sufficiently extreme to alter the terms and conditions of

166  employment.

167  In determining whether a hostile work environment existed, you must consider the evidence

168  from both Budd's perspective and from the perspective of a reasonable person.  First, Budd must

169  actually find the conduct offensive.  Next, you must look at the evidence from the perspective of a

170  reasonable person's reaction to a similar environment under similar circumstances.  You cannot

171  view the evidence from the perspective of an overly sensitive person.  Nor can you view the

172  evidence from the perspective of someone who is never offended.  Rather, the alleged harassing

173  behavior must be such that a reasonable person in the same or similar circumstances as Budd would

174  find the conduct offensive.

175  "Prompt remedial action" is conduct by the employer that is reasonably calculated to stop

176  the harassment and remedy the situation.  Whether the employer's actions were prompt and remedial

177  depends on the facts.  You may look at, among other things, the effectiveness of any actions taken.

178  QUESTION NO. 1:

179  Did the employees of SkyWest sexually harass Budd because of her sex?

180  Instruction: Plaintiffs have the burden of proof.  If they have met their
181  burden, answer "Yes"; otherwise, answer "No."

182  ANSWER: ___*Yes*___

183    If you have answered Question No. 1 "Yes," answer Question No. 2.  Otherwise, proceed

184    to the instructions concerning "plaintiffs' retaliation claim."


185    QUESTION NO. 2:

186    Did SkyWest know, or in the exercise of reasonable care should SkyWest have known, that

187    Budd was being sexually harassed?

188    Instruction: Plaintiffs have the burden of proof.  If they have met their
189    burden, answer "Yes"; otherwise, answer "No."

190    ANSWER: ___Yes___


191    If you have answered Question No. 2 "Yes," answer Question No. 3.  Otherwise, proceed

192    to the instructions concerning "plaintiffs' retaliation claim."


193    QUESTION NO. 3:

194    Did SkyWest fail to take prompt remedial action?

195    Instruction: Plaintiffs have the burden of proof.  If they have met their
196    burden, answer "Yes"; otherwise, answer "No."

197    ANSWER: ___Yes___

PLAINTIFFS' RETALIATION CLAIM

Plaintiffs claim that Budd was retaliated against by SkyWest for engaging in activity protected by Title VII of the Civil Rights Act of 1964, a federal law. Plaintiffs claim that Budd complained of a sexually hostile work environment. Plaintiffs claim that SkyWest retaliated against Budd by keeping her on indefinite administrative leave.

SkyWest denies plaintiffs' claim and contends that keeping Budd on a paid administrative leave of absence was not an adverse employment action but for Budd's complaint of sexual harassment.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, plaintiffs must prove by a preponderance of the evidence that:

1. Budd complained of a sexually hostile work environment;

2. SkyWest kept Budd on indefinite administrative leave;

3. Being kept on indefinite administrative leave was an adverse employment action; and

4. SkyWest's decision to keep Budd on indefinite administrative leave was on account of her complaint of a sexually hostile work environment.

An adverse employment action is one that a reasonable employee would have found to be materially adverse. In the retaliation context, a materially adverse action is one that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

You need not find that the only reason for SkyWest's decision was Budd's complaint of a sexually hostile work environment. But you must find that SkyWest's decision to keep Budd on indefinite administrative leave would not have occurred in the absence of—but for—her complaint.

- 10 -

220    If you disbelieve the reason SkyWest has given for its decision, you may, but are not

221    required to, infer that SkyWest would not have decided to keep Budd on indefinite administrative

222    leave but for her engaging in the protected activity.


223    QUESTION NO. 4:

224    Do you find that Skywest took an adverse employment action against Budd when she was

225    kept on indefinite administrative leave?

226    Instruction: Plaintiffs have the burden of proof. If they have met their
227    burden, answer "Yes"; otherwise, answer "No."

228    ANSWER: _____ No _____


229    If you have answered Question No. 4 "Yes," answer Question No. 5. Otherwise, proceed

230    to the instructions concerning "damages," unless you have answered Question No. 3 "No" or you

231    have not answered Question No. 3 because an answer was not required under these instructions.


232    QUESTION NO. 5:

233    Do you find that Budd would not have been kept on indefinite administrative leave but for

234    her complaint of sexual harassment?

235    Instruction: Plaintiffs have the burden of proof. If they have met their
236    burden, answer "Yes"; otherwise, answer "No."

237    ANSWER: _____

238    If you have answered Question No. 3 or 5 "Yes," proceed to the instructions concerning

239    "damages." Otherwise, proceed to the instructions concerning "jury deliberations."


240                                    <u>DAMAGES</u>

241    If you find that plaintiffs have proved their claims against SkyWest by a preponderance of

242    the evidence, you must determine the damages to which Budd is entitled.

243    You should not interpret the fact that I am giving you instructions about damages as an

244    indication in any way that I believe that plaintiffs should, or should not, win this case. It is your first

245    task to decide whether SkyWest is liable. I am instructing you on damages only so that you will

246    have guidance in the event you decide that Skywest is liable and that Budd is entitled to recover

247    money from Skywest.

248    Plaintiffs must prove Budd's damages by a preponderance of the evidence. Your award must

249    be based on evidence and not on speculation or guesswork. On the other hand, plaintiffs need not

250    prove the amount of Budd's losses with mathematical precision, but only with as much

251    definitiveness and accuracy as the circumstances permit.

252    <u>Compensatory Damages</u>

253    If you find that plaintiffs have proved a claim, then you must determine an amount that is

254    fair compensation for all of Budd's damages. These damages are called compensatory damages.

255    The purpose of compensatory damages is to make Budd whole—that is, to compensate her for the

256    damages she has suffered.

257    You may award compensatory damages only for injuries that plaintiffs prove by a

258    preponderance of the evidence were caused by SkyWest's allegedly unlawful conduct. The damages

- 12 -

259   that you award must be fair compensation for all of Budd's damages, no more and no less.

260   Compensatory damages are not allowed as a punishment and cannot be imposed or increased to

261   penalize SkyWest. You should not award compensatory damages for speculative injuries, but only

262   for those injuries that Budd has actually suffered or that she is reasonably likely to suffer in the

263   future.

264        If you decide to award compensatory damages, you should be guided by dispassionate

265   common sense. Computing damages may be difficult, but you must not let that difficulty lead you

266   to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiffs prove

267   the amount of Budd's losses with mathematical precision, but only with as much definiteness and

268   accuracy as the circumstances permit.

269        You must use sound discretion in fixing an award of damages, drawing reasonable inferences

270   where you find them appropriate from the facts and circumstances in evidence.

271        You may award compensatory damages for emotional pain and suffering, inconvenience,

272   mental anguish, and loss of enjoyment of life, if you find that any such damages were caused by

273   SkyWest's allegedly unlawful conduct. Emotional harm is not to be presumed. To prove that Budd

274   suffered emotional harm, plaintiffs must establish the existence, nature, and severity of the

275   emotional harm. In other words, there must be some specific discernible injury to her emotional

276   state. Emotional harm may manifest itself through sleeplessness, anxiety, stress, depression, marital

277   strain, humiliation, emotional distress, loss of self esteem, excessive fatigue, or a nervous

278   breakdown. It may also be exhibited through physical symptoms such as gastrointestinal disorders,

279   hair loss, headaches, and similarly serious maladies.

280        No evidence of the monetary value of such intangible things as pain and suffering,

281     inconvenience, mental anguish, and loss of enjoyment of life need be introduced in evidence.  There

282     is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any

283     award you make should be fair in light of the evidence presented at the trial.  Mental anguish implies

284     a relatively high degree of mental pain and distress.  It is more than mere disappointment, anger,

285     resentment, or embarrassment, although it may include all of these.  It includes a mental sensation

286     of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded

287     pride, shame, despair, or public humiliation.

288         If you find in favor of plaintiffs, SkyWest is responsible for any and all damages resulting

289     from the sexual harassment or retaliation.  This is so even if the mental or emotional condition or

290     other characteristics of Budd prior to her employment by Skywest at DFW made her more

291     susceptible to suffer greater injury than a person without the mental or emotional condition or

292     characteristics would have suffered under the same circumstances.  This is because, under the law,

293     when a defendant's wrongful act causes injury, the defendant is fully liable for the resulting damage,

294     even though the injured plaintiff had a preexisting condition that made the consequences of the

295     wrongful act more severe than they would have been for a normal victim.  Stated summarily, the

296     defendant takes the plaintiff as it finds her.

QUESTION NO. 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate Budd for her damages, if any, you have found SkyWest caused Budd?

> Instruction: Plaintiffs have the burden of proof by a preponderance of the evidence. Answer in dollars and cents, if any. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

ANSWER:

> 1. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
>
> $150,000.00

> 2. Compensatory damages in the future, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
>
> $20,000.00

Punitive Damages

In addition to actual compensatory damages, you may consider whether to award punitive damages. Punitive damages are designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages on plaintiffs' claim that SkyWest subjected Budd to a sexually hostile work environment if you find that plaintiffs have proved by a preponderance of the evidence that: (1) Kelly Dehais, Dustin Widmer, or Dallin Hansen was aware of and had authority to remedy the hostile work environment; and (2) Kelly Dehais, Dustin Widmer, or Dallin Hansen

324 acted with malice or reckless indifference to Budd's federally protected right to be free from

325 working in a hostile environment and (2) acted with malice or reckless indifference to Budd's

326 federally protected right to be free from working in a hostile environment.

327 You may award punitive damages on plaintiffs' retaliation claim if plaintiffs prove by a

328 preponderance of the evidence that: (1) the person who engaged in the discriminatory act or practice was

329 acting in a managerial capacity; (2) the person engaged in the discriminatory act or practice while acting

330 in the scope of the person's employment; and (3) the person acted with malice or reckless indifference

331 to Budd's federally protected right to be free of discrimination.

332 If plaintiffs have proved these facts, then you may award punitive damages, unless SkyWest

333 proves by a preponderance of the evidence that the alleged sexual harassment was contrary to its

334 good-faith efforts to prevent discrimination in the workplace.

335 In determining whether any of SkyWest's employees was a supervisor or manager for

336 SkyWest, you should consider the type of authority that the employee in question had over Budd and

337 the type of authority for employment decisions SkyWest authorized that employee to make.

338 Acting with "malice" means to purposefully or knowingly violate another's rights.

339 An action is in "reckless indifference" to Budd's federally protected rights if it was taken in

340 the face of a perceived risk that the conduct would violate federal law.

341 Plaintiffs are not required to show egregious or outrageous discrimination to recover punitive

342 damages. Proof that SkyWest engaged in intentional discrimination, however, is not enough in itself

343 to justify an award of punitive damages.

344 In determining whether SkyWest made good-faith efforts to prevent discrimination in the

345 workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its

346 employees on the federal antidiscrimination laws, how it responded to Budd's complaint of
347 discrimination, and how it responded to other complaints of discrimination.

348 If you find that SkyWest acted with malice or reckless indifference to Budd's rights and did
349 not make a good-faith effort to comply with the law, then in addition to any other damages you find
350 Budd is entitled to receive, you may, but are not required to, award Budd an additional amount as
351 punitive damages for the purposes of punishing SkyWest for engaging in such wrongful conduct and
352 deterring SkyWest and others from engaging in such conduct in the future.

353 You should presume that Budd has been made whole for her injuries by any compensatory
354 damages you have awarded.

355 If you decide to award punitive damages, you should consider the following in deciding the
356 amount:

357 1. How reprehensible SkyWest's conduct was. You may consider whether the harm Budd
358 suffered was physical or economic or both; whether there was violence, intentional malice,
359 or reckless disregard for human health or safety; whether SkyWest's conduct that harmed
360 Budd also posed a risk of harm to others; whether there was any repetition of the wrongful
361 conduct or there was past conduct of the same sort that harmed Budd.

362 2. How much harm SkyWest's wrongful conduct caused Budd and could cause her in the
363 future.

364 3. What amount of punitive damages, in addition to the other damages already awarded, is
365 needed, considering SkyWest's financial condition, to punish SkyWest for its conduct
366 toward Budd and to deter SkyWest and others from similar wrongful conduct in the future.
367 The amount of any punitive damages award should bear a reasonable relationship to the harm

368    caused Budd.

369    QUESTION NO. 7:

370    Do you find that Budd should be awarded punitive damages?

371    Instruction: Plaintiffs have the burden of proof, except that SkyWest
372    must prove that the alleged sexual harassment or retaliation, if any,
373    was contrary to its good-faith efforts to prevent discrimination in the
374    workplace.  If plaintiffs have met their burden and SkyWest has not
375    met its burden, answer "Yes"; otherwise, answer "No."

376    ANSWER: _____*Yes*_____

377    If you have answered Question No. 7 "Yes," answer Question No. 8; otherwise, proceed

378    to the instructions concerning "jury deliberations."

379    QUESTION NO. 8:

380    What sum of money should be assessed against SkyWest as punitive damages?

381    Instruction: Plaintiffs have the burden of proof.  Answer in dollars
382    and cents, if any.

383    ANSWER: _____$2,000,000$^{00}$_____

384

385                          Jury Deliberations

386    The fact that I have given you in this charge instructions about a particular claim, or that I

387    have not so instructed you, should not be interpreted in any way as an indication that I believe a

388    particular party should, or should not, win this case.

389    In order to return a verdict your verdict must be unanimous.  It is your duty as jurors to

390     consult one another and to deliberate with a view towards reaching an agreement. Each of you must

391     decide the case for yourself, but only after an impartial consideration with each other of all the

392     evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own

393     view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest

394     conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or

395     for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You

396     are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

397     After I finish reading this charge, you will retire to the jury room. I will send you the

398     exhibits that have been admitted into evidence. You will first select one member of the jury to act

399     as presiding juror. The presiding juror will preside over your deliberations and will speak on your

400     behalf here in court.

401     Do not deliberate unless all members of the jury are present in the jury room. In other words,

402     if one or more of you go to lunch together or are together outside the jury room, do not discuss the

403     case.

404     When you have reached unanimous agreement as to your verdict, the presiding juror shall

405     fill in your answers to the questions on a copy of the charge that I will provide to you for this

406     purpose, shall date and sign the last page of that copy of the charge, and shall notify the court

407     security officer that you have reached a verdict. The court security officer will then deliver the

408     verdict to me.

409     The court will honor the schedule you set for your deliberations and your requests for breaks

410     during your deliberations. From time to time I may communicate with you concerning your

411     schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not

412    in any way intended to suggest that your deliberations should be conducted at a different pace or on

413    a different schedule.

414        During the trial, the court reporter made a verbatim record of the proceedings.  The court

415    rules do not provide for testimony to be produced for the jury in written form, or for testimony to

416    be read back to the jury as a general aid in refreshing the jurors' memories.    In limited

417    circumstances, the court may direct the court reporter to read testimony back to the jury in open

418    court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a

419    particular witness, and identifies the specific testimony in dispute.

420        If, during your deliberations, you desire to communicate with me, your presiding juror will

421    reduce your message or question to writing, sign it, and pass the note to the court security officer,

422    who will bring it to my attention. I will then respond as promptly as possible, either in writing or

423    by asking you to return to the courtroom so that I can address you orally.  If you do send a message

424    or ask a question in which you indicate that you are divided, never state or specify your numerical

425    division at the time.

426        November 19, 2024.

427

428

429        SIDNEY A. FITZWATER

430        SENIOR JUDGE

- 20 -

431    The foregoing is the unanimous verdict of the jury.

432  Dated: _November 20, 2024_           .

433                 Presiding Juror