THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **Civil Action No. 3:22-cv-01807-D** |
| **SKYWEST AIRLINES, INC.,** | § § § | |
| *Defendant.* | § | |

## DEFENDANT'S RESPONSE TO INTERVENOR-PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS

Defendant SkyWest Airlines, Inc. ("SkyWest" or "Defendant"), by and through its counsel, hereby submits its Response to Intervenor-Plaintiff's Motion for Reasonable Fees and Costs (Doc. 161).

### A.  INTRODUCTION

On November 20, 2024, the jury returned a verdict for Plaintiff and Intervenor-Plaintiff on their hostile work environment claim, and a verdict for SkyWest on the retaliation claim. *See* (Doc. 151).  This case was primarily prosecuted two trial attorneys and a supervising attorney of the EEOC. Counsel for Intervenor Plaintiff was present for depositions but did not question any witnesses; did not file any motions unless joint amongst all parties; and all contact was primarily between counsel for SkyWest and the EEOC's counsel.  In its Motion, Intervenor-Plaintiff's counsel contends extensive conference was made with the EEOC's counsel on the content and argument presented within motions, lines of questioning for depositions, and overall strategy against SkyWest in its Motion to recover fees. Most of Intervenor Plaintiff's billing entries are conference with the EEOC's counsel and lack any detail to determine whether the conference was both reasonable and necessary. Intervenor-Plaintiff now seeks fees and costs that were neither reasonably incurred nor justified under the circumstances. As relevant to this Response, Intervenor-Plaintiff seeks $230,701.99 in fees

and statutory costs for this case. For the reasons set forth more fully below, Intervenor-Plaintiff's requested costs and expenses should be denied or significantly reduced.

## B.   ARGUMENTS AND AUTHORITIES

SkyWest does not dispute that a judgment was entered in favor of the Equal Employment Opportunity Commission ("EEOC") and Intervenor-Plaintiff Sarah Budd or that reasonable attorneys' fees are recoverable pursuant to 42 U.S.C. § 2000e-5(k). SkyWest also concedes that the lodestar method is the proper starting point for calculating the fees owed. *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996) (calculating lodestar by multiplying the number of hours reasonably expended on the litigation by the attorneys' reasonable hourly billable rate). SkyWest does not, however, agree with the total amount requested based on application of the lodestar analysis to the facts and circumstances of this case. Accordingly, Intervenor-Plaintiff's motion should be denied in part.

### A.   There Is A Two-Step Process for Awarding Attorneys' Fees.

Calculating attorneys' fees involves a two-step process. The court initially calculates the "lodestar" fee "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir. 1988), citing *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995). The first step in this process is a determination of the number of hours *reasonably* expended on the litigation (emphasis added). *Id.* at 324.  The party seeking fees bears the burden of establishing that they are entitled to recovery, and this involves "presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).  The number of hours awarded can be reduced by the court if documentation of those hours is "vague or incomplete." *Louisiana Power & Light*, 50 F.3d at 324, citing *Alberti v. Klevenhagen*, 896 F.2d 927, 931 (5th Cir. 1990).  Furthermore, unnecessary duplication of attorney's efforts should not be compensated. *Johnson*, 488 F.2d at 717.

Finally, the number of actual hours expended on a particular project will not necessarily be the number of "reasonable hours" which should have been expended. *Henry v. Fist Natl'l Bank of Clarksdale,* 603 F.Supp. 658, 664 (N.D. Miss. 1984) (*citing Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

The second step in the process requires the court to determine if this lodestar figure should be adjusted upward or downward on a basis of twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *Id.* The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

**B.    The Lodestar Presented By Intervenor-Plaintiff Is Skewed Upwards.**

The lodestar presented by Intervenor-Plaintiff is skewed upward by her request for an hourly rate of $550. (Doc. 161). In support of the $550 hourly rate, Intervenor-Plaintiff has provided the declarations of Kyla Cole, David Wiley, Brooke Lopez, Alexa Lang, Michael Amster, Ann Henry and James Sanford, and the 2023 Texas Employment Lawyers Association Attorneys' Fees Hourly Rates Yearbook. "The most critical factor in determining an attorney's fee award is the degree of success obtained." *Saizan v. Delta Concrete Products,* 448 F.3d 795k, 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)). Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998).

A request for fees that is a large multiple of the amount awarded should cause the court to pause and reflect on the fee requested. *See Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 546 (2009) (a "comparatively large fee raises a red flag"). And, a district court's fee order should evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed…." *Catalan v. RBC Mortg. Co.,* 2009 WL 2986122, *6, *8–10 (N.D. Ill. 2009) (Dow, J.) (reducing the attorneys' fees requested after considering, *inter alia,* the proportionality of the fee requested) (citing *Moriarty ex rel. Local Union No. 727 v. SVEC,* 429 F.3d 710, 717–718 (7th Cir. 2005)).

The Court has considerable discretion in determining what constitutes a reasonable attorney's fee in a given case. That discretion includes the ability to reduce the lodestar by a percentage based on case-specific considerations such as:

- Intervenor Plaintiff seeks an award of fees and costs that is 76% of any possible recovery of damages in this case. As a result of SkyWest's dispositive Motion, the Court precluded Intervenor Plaintiff from the recovery of back wages. *See* (Doc. 75. Therefore, in this case, any award at trial was limited to a cap of $300,000 on compensatory and punitive damages. *See* 42 U.S. Code § 1981a (a)(b)(3)(D); *See also* (Doc. 150).

- Plaintiff and Intervenor Plaintiff sought recovery of the $284,670.64. This demand framed SkyWest's defense in this case as well as the parties' settlement negotiations.

- The EEOC and Intervenor Plaintiff failed to prove their retaliation claim against SkyWest.

- The case was prosecuted by three trial attorneys from the EEOC.

- Of 174 ECF entries on the docket for this case, zero were filed by Intervenor Plaintiff including joint motions with the EEOC;[1] and

- Of eighteen depositions Intervenor Plaintiff did not pose one question to any witness.

---

[1] The only joint motions filed were agreed to by all parties.

SkyWest argues the Court should consider the following is this case in its determination whether Intervenor Plaintiff's fees are reasonable.

### C. A Substantial Reduction of the Hours Claimed by Intervenor Plaintiff is Appropriate Because Intervenor Plaintiff Failed to Exercise Billing Judgment.

A plaintiff submitting a fee request is required to exercise billing judgment. *See Cambridge Toxicology, Inc. v. Exnicios*, 495 F.3d 169, 181-82 (5th Cir. 2007). Billing judgment is the "usual practice of law firms in writing off unproductive, excessive or redundant hours." *Id.* The burden is on Plaintiffs to prove that they exercised billing judgment. *Walker v. U.S. HUD*, 99 F.3d 761, 770 (5th Cir. 1996). When there is no evidence of billing judgment, the appropriate remedy is to reduce the hours awarded by a percentage intended to replace the exercise of billing judgment. *See id.* (reducing applicants requested fees by 15% to substitute for exercise of billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (ordering a 13% reduction when plaintiffs' attorney failed to exercise billing judgment); and *Mauriciov v. Phillip Gaylen*, P.C., 174 F. Supp. 3d 944 (N.D. Tex. 2016).

Intervenor Plaintiff claims she exercised sound billing judgment by reducing her claim for attorney's fees; yet, SkyWest can identify several of examples of Intervenor Plaintiff's failure to exercise billing judgment, as set forth below. SkyWest maintains that the Court should reduce Intervenor Plaintiff's claimed hours by at least thirty-three percent (33%) given their failure to exercise billing judgment. *See, e.g., Hopwood v. State of Texas,* 236 F.3d 256, 279 (5th Cir. 2000)(affirming district court's 25% reduction in fees where the court identified eleven examples of counsel's failure to exercise billing judgment).

#### 1. Examples of Intervenor Plaintiff's Failure to Exercise Billing Judgment - Excessive Time Entries

Excessive time spent on a singular task or duplicative billing entries warrants a reduction in hours awarded. *In re Skyport Global Comm.*, 450 B.R. 637, 649 (S.D. Tex. Bank.

2011). For example:

- Intervenor Plaintiff spent a total of 6.7 hours or $3,685.00 on August 18, 2022, October 19, 2022, and October 28, 2022 drafting the Intervenor Plaintiff's Complaint and Motion to Intervene. *See* (Doc. 8 & 10). (APP. 293-294)

- SkyWest served initial written discovery on Intervenor Plaintiff on December 20, 2022. Intervenor Plaintiff's counsel spent a total of 7 hours or $3,850.00 on January 25, 2023, January 30, 3023, February 6, 2023, and February 7, 2023 reviewing Intervenor Plaintiff's answers to SkyWest's interrogatories and drafting same. (APP. 294-295)

- Intervenor Plaintiff spent a total 3.2 hours on March 24, 2023 researching case law and issues related to service of a subpoena duces tecum. (APP. 295)

- Intervenor Plaintiff and her co-counsel Michael Amster spent a collective 25.3 hours or $13,915.00 "review[ing]" "draft[ing]", and "edit[ing]" the fee petition on November 25, 2024, December 3, 2024, and December 4, 2024.  These entries do not even include research on past fee decisions in Northern District of Texas (separate billing entry), obtaining declarations from counsel in Northen District of Texas as evidence for fee petition, or reviewing Intervenor Plaintiff's billing entries for evidence of fee petition. (APP. 304)

Each of these examples demonstrate that Intervenor Plaintiff failed to exercise billing judgment and support a reduction in the fees requested by Intervenor Plaintiff.

### 2. Examples of Plaintiffs' Failure to Exercise Billing Judgment - Time Spent Performing Clerical Tasks

Clerical work has been defined as work involving "tasks that do not require legal knowledge…." *Lay v. Astrue*, No. 10–346–DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012).  While no single test determines whether a task is legal or clerical, clerical work generally includes, but is not limited to the following:

> factual investigation ... assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence;[5]
>
> filing motions, preparing or reviewing summons, and receiving and filing correspondence;[6]
>
> copying files, organizing documents, filing documents, issuing summons and service of process, mailing correspondence, and summarizing depositions.[7]

setup of files, calendaring deadlines, scheduling depositions, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc… for e-filing, on-line research of addresses, and for reviewing the CM/ECF email for documents prepared and filed by counsel, organizing file folders, copying documents, preparing exhibits for trial, and entering data into an Excel spreadsheet.[8]

Clerical time is simply not recoverable, yet Intervenor Plaintiff billed for "case management", "review case status and tasks", and "review case deadlines", "review upcoming deadlines and prioritize workflow", "ensure compliance with case deadlines" January 6, 2023, January 20, 2023, March 16, 2023, May 26, 2023, May 22, 2023, August 10, 2023, September 27, 2023, and November 30, 2023. *See* (APP. 293-297) These entries fail to articulate a necessity for legal acumen and therefore are clerical work. Yet another example of Intervenor Plaintiff's failure to demonstrate billing judgment. SkyWest also argues Intervenor Plaintiff billed 32.20 hours totaling $17,709.00 in billing entries for conferences with the EEOC, yet most of these entries fail to articulate with particularity the subject of the conference which likely also includes non-compensable "clerical work."

    a. **Attorneys**

When reviewing a motion for attorney's fees the Court may appropriately consider "whether the work performed was 'legal work in the strict sense' or was merely clerical work that happened to be performed by a lawyer." *Johnson,* 488 F.2d at 717. The "dollar value [of clerical work] is not enhanced just because a lawyer does it". *Id.* As a result, counsel should not be awarded attorney's fees for clerical work. *Harris v. Colvin*, No., 2013 WL 2896880, *5 (N.D. Tex. June 13, 2013) (citing - *e.g., Leroux v. Astrue,* No. 3-10-CV-2634, 2012 WL 6757772, at *2 (N.D. Tex. Oct. 26, 2012) (citation omitted); *see also Jones v. Armstrong Cork*

*Co.,* 630 F.2d 324, 325 (5th Cir. 1980); and *Johnson,* 488 F.2d at 717.

### b. Paralegals and Legal Assistants

Likewise, "[p]aralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Houston,* 276 F.3d 659, 681 (5th Cir. 2001); *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (5th Cir.1982) (paralegal expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney; otherwise, paralegal expenses are separately unrecoverable overhead expenses).

Intervenor Plaintiff seeks to recover 1.2 hours for work performance by L. Aparicio on January 8, 2024 and January 9, 2024 to bates stamp a production, and combine files for a production to accompany Intervenor Plaintiff's answers to SkyWest's Third Interrogatories. *See* (APP. 298) Similarly, G. Melendez billed 4.6 hours for compiling pleadings and deposition transcripts in preparation for trial on November 1, 2024 and November 5, 2024. *See* (APP. 203) These entries reflect clerical work and thus may not be recovered.

### 3. Examples of Intervenor Plaintiff's Failure to Exercise Billing Judgment - Time Spent Traveling to and from the Courthouse and Across Country.

Intervenor Plaintiff has billed an exorbitant amount of time strictly for her travel, including travel across country, and commuting to Ms. Budd's deposition and the courthouse during trial. For example, Intervenor Plaintiff billed 10.7 hours or $5,885.00 for "travel to and defend client's deposition", yet the deposition of Ms. Budd took place from 9:26 am to 5:00 pm on March 31, 2023 including all breaks – a total of 7 hours and 34 minutes. *See* (APP. 295) Therefore, it appears Intervenor Plaintiff billed 3.1 hours for her travel to and from the deposition in addition to 7.2 hours (reduced to 3.5 hours) to travel from Maryland to Dallas-Fort Worth on March 30, 2023, and 5.2 hours (reduced to 2.6 hours) on April 3, 2023 to travel

from Dallas-Fort Worth back to Maryland. *See* (APP. 295) This is an excessive amount of time billed strictly for travel to attend a deposition. Thus, this entry for the deposition of Plaintiff should be significantly reduced at least by the 3.1 hours Intervenor Plaintiff claims for travel to the deposition after arriving in Dallas-Fort Worth. Further, Intervenor Plaintiff billed 2.1 hours (reduced to 1 hour) totaling $2,750 for travel to and from the courthouse to her hotel on November 12, 2024, November 13, 2024, November 14, 2024, November 15, 2024 and November 17, 2024. *Id.* (303-304) This time is essentially Intervenor Plaintiff's morning commute to work during trial which should not be recovered. Whether Intervenor Plaintiff went to her office or the courthouse, she was simply traveling to and from work and such time should not be reasonably awarded as attorney's fees. Lastly, Intervenor Plaintiff has billed 16.7 hours (reduced from 26.1) or $9,185.00 strictly for travel between Dallas-Fort Worth and where counsel resides in Maryland on November 2, 2022, November 3, 2022, March 30, 2023, April 3, 2023, and December 17, 2023. *Id.* (294-295, 298) Intervenor Plaintiff's other billing entries for travel from Maryland to Dallas-Fort Worth *i.e.* for attendance at trial in mid-November 2024, were combined with substantive work on the case. In her Motion, Intervenor Plaintiff presents the argument that her firm, Zipin, Amster & Greenberg, LLC, was precluded from being retained on other matters given the amount of time spent on this case; yet, Intervenor Plaintiff spent dozens of hours traveling without completing any substantive work on this case or any other case.

### 4. Examples of Intervenor Plaintiff's Failure to Exercise Billing Judgment - Vague Time Entries

Other time entries are so vague that it cannot be determined what value if any was added to the case by the work performed and therefore a reasonableness determination cannot be made, for example, "confer with client," and "confer with EEOC."

- Intervenor Plaintiff counsel reviewed pleadings on January 3, 2024 for a total of 1.6 hours but does not provide the purpose for lengthy review. (APP. 298)

- Intervenor Plaintiff has vague entries as "Confer with EEOC re case status" on January 20, 2023, March 8, 2023, August 25, 2023, October 19, 2023, October 2, 2023, November 13, 2023, December 13, 2023, February 5, 2024, February 6, 2024, February 8, 2024, March 11, 2024, and June 10, 2024.  The entries provide no detail as to what was being conferred.  (APP. 294-301)

- Intervenor Plaintiff has vague entries for "confer with client" that provide not detail as to what value was added to the case or work was being performed. (APP. 293-302)

### 5. Examples of Intervenor Plaintiff's Failure to Exercise Billing Judgment – Duplicative, Incorrect, and Incomplete Time Entries

As an additional examples of Intervenor Plaintiff's failure to thorough review her time entries and exercise billing judgment, Intervenor Plaintiff has duplicative entries billing for attendance at third party deposition, incomplete time entries and time entries that predate Ms. Budd's employment with SkyWest DFW as follows:

- Intervenor Plaintiff has three billing entries from January 12, 2024 for the depositions of third party witnesses – two entries for 1.2 hours and one entry for 0.9 hours.  On January 12, 2024, the parties conducted the deposition of Emilee Swalger (93 minutes) and Krista Spurrier (55 minutes).  The entry for attendance at the deposition of third party witness totaling 1.2 hours or $660.00 should be excluded. (APP. 299)

- Intervenor Plaintiff has 7 entries totaling approximately 6.8 hours from January to May 2019 which predates the events at issue in the case.  Intervenor Plaintiff began her employment with SkyWest DFW on or about August 22, 2019. (APP. 293)

- Intervenor Plaintiff's billing entries for November 10, 2024, November 11, 2024, and November 12, 2024 appear to be cut off and not legible totaling 29.9 hours or $16,445.00.  The entries, as worded, are vague and only refer to meeting with EEOC for trial preparation and "trial related issues." (APP. 303)

SkyWest argues these examples demonstrate Intervenor Plaintiff's failure to actually review her time entries for correctness and exercise billing judgment.

### 2. Other *Johnson* Facts Support a Reduction of Intervenor Plaintiff's Requested Fees.

#### 1. The Legal and Factual Issues were not Overly Complex.

Additionally, other *Johnson* factors besides the "results obtained" factor, also justify a reduced award. Title VII cases are relatively "simple" and "uncomplicated," and therefore do not warrant a particularly high attorney fees award. Thus, the skill requisite to perform the services here was not particularly rigorous. Plaintiffs' counsel often brings labor and employment cases.

### 2. Intervenor Plaintiff Offered No Evidence that Counsel was Precluded from Other Employment as the Result of the Prosecution of this Case.

Intervenor Plaintiff argues her attorney's fees are justified because her and her firm, Zipin, Amster & Greenberg, LLC were precluded from other employment as the result of prosecuting this case. However, Intervenor Plaintiff's counsel billed 415.6 hours over the course of four years, a large portion of which was travel between Dallas-Fort Worth and Maryland. Intervenor Plaintiff's counsel, Edith Thomas, recorded 407.1 total hours over the 4+ years this matter has been pending. If Intervenor Plaintiff's counsel worked a modest 1500 hours per year, his billable time in this case averages to only 13% of her usable time during the 4+ years from filing of the litigation to trial. Furthermore, this factor will ordinarily be subsumed within the lodestar amount: If, for example, Intervenor Plaintiff's counsel worked on nothing but this case, then this potential loss of income in refusing other employment is compensated for in the number of hours he or she billed in the instant case. Thus, this factor does not support Intervenor Plaintiff's requested fees.

### D. CONCLUSION

For the reasons set forth herein, Defendant requests that the Court deny Intervenor-Plaintiff's Motion for Reasonable Fees and Costs in part and order only an amount reasonable under the facts and circumstances of the case. Using the analysis set forth in this response, Defendant contends that a reasonable recovery would be $154,570.33.

Respectfully submitted,

By: */s/ Liz Drumm*
**CHAD SHULTZ**
(GA # 644440) admitted pro hac vice
GORDON REES SCULLY MANSUKHANI, LLP
55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, Georgia 30308
Tel: (404) 869-9054
Fax: (678) 389-8475
cshultz@grsm.com

**LIZ DRUMM**
Texas Bar No. 24086949
FISHER & PHILLIPS LLP
500 Crescent Court, Suite 300
Dallas, TX 75201
Tel: (214) 220-9100
Fax: (214) 220-9122
ldrumm@fisherphillips.com

**COUNSEL FOR DEFENDANT**
**SKYWEST AIRLINES, INC.**

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF system per Local Rule CV-5 on January 9, 2025.

*/s/ Liz Drumm*
**LIZ DRUMM**